UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

JOY GORDON

    Plaintiff,                                        Case No.

vs

THE UNITED STATES;
UNITED STATES POSTAL SERVICE

    Defendants.

---

BRIAN E. MUAWAD (P41209)
Attorney for Plaintiff
22330 Greater Mack
St. Clair Shores, MI 48080
(586) 778-8570
Fax: (586) 778-6633

---

# **COMPLAINT**

    Joy Gordon, Plaintiff, by and through her attorney, Brian E. Muawad, now comes before this Court and complain of the United States Government as follows:

1. Plaintiff at all times mentioned was and now is a citizen of the United States, domiciled and residing at: 24534 Tallman, Wayne, Michigan 48089, Wayne County, which is in the Eastern District of Michigan.

2. The claims here are brought against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*, 28 U.S.C. §2401(b) & 28 U.S.C. §1346(b)(1)), for money damages as compensation for Plaintiffs personal injuries that were caused by the negligent and wrongful acts and omissions of employees

of the United States Government and/or the United States Postal Service while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Michigan.

3. The jurisdiction of this court is based on the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.*, 28 U.S.C. §2401(b) & 28 U.S.C. §1346(b)(1).

4. This suit has been timely filed, in that Plaintiff timely served notice of her claim on the United States Postal Service on January 3, 2020.  The United States Postal Service refused to accept legal liability for the damages and fully denied or has otherwise failed to respond.

## Count I
## Claim for Tort Liability for Non-Economic Loss

### EVENTS FORMING THE BASIS OF THE CLAIMS

5. That on or about, January 22, 2019, Plaintiff, Joy Gordon, walked into the Grosse Pointe Farms Post Office located at: 18640 Mack Avenue, Grosse Pointe Farms, Michigan 48239; while traversing in the lobby, was caused to slip and fall on a clear wet substance, believed to be soapy water.

6. That the United States Postal Service was the entity responsible for maintaining the lobby floor, so people or customers such as Plaintiff are able to walk freely and safely without worry of slipping and falling, so as to conduct postal service business in a safe and reasonable manner.

# **Negligence**

7. That the United States and/or the United States Postal Service owed a duty to Plaintiff to maintain its floors so as to be free free wetness so postal customers may conduct their business in a safe, secure, and reasonable manner.

8. On said date at said time, a hazardous and dangerous condition existed on the premises of the Defendant, to wit: a clear substance on the floor believed to be soapy water, which was caused to be in existence as the result of the negligence of the Defendant; the clear substance, was not readily apparent upon casual inspection, and was unreasonably dangerous and effectively unavoidable.

9. Notwithstanding such duties the United States and/or the United States Postal Service ("USPS")  did violate the following:

   A. After knowing of the dangerous and hazardous conditions existing on Defendant USPS's premises, Defendant failed to correct same and/or warn of the dangerous conditions.

   B. Failed to make reasonable and proper inspections for dangerous and/or hazardous conditions existing on Defendant USPS's premises.

   C. Failed to repair and/or correct and/or warn of any hazardous and/or dangerous conditions, of which the Defendant, its agents, servants and/or employees had knowledge, or should have had knowledge, by a reasonable and proper inspection.

   D. Failed to instruct all of its agents, servants and or employees on the proper care and maintenance of its premises, and/or in the reporting of dangerous and/or hazardous conditions on Defendant USPS's premises.

   E. Failed to provide rules, procedures and/or provide for periodic safety inspections for the discovery and/or correction of dangerous and hazardous conditions on Defendant USPS's premises.

   F. Failed to provide a safe and suitable place for those who encountered Defendant USPS's premises to walk safely.

G. Failed to construct the premises in a manner suitable and safe under the circumstances.

H. Failed to obtain and provide the adequate and proper maintenance and inspection of Defendant USPS's premises so that same would be in a reasonably safe condition for Defendant's invitees and all others who encountered Defendant USPS's premises.

I. Failed to obtain and provide for the adequate and proper maintenance and inspection of Defendant US{PS's premises so that conditions would be readily apparent to invitees and/or tenants upon casual inspection and would be readily apparent to all others who encountered Defendant USPS's premises.

J. Failed to observe all the duties of care imposed upon Defendants by the statutes of the State of Michigan, Ordinances of the City in which Defendant USPS's premises are located and the common law in such case made and provided.

K. Others to be determined as discovery reveals.

## Damages to Plaintiff

10. That as a direct and proximate result of the negligent and/or grossly negligent acts and/or omissions of the United States and/or the United States Postal Service, Plaintiff slipped and fell on a clear substance, believed to be soapy water, while traversing in the lobby of the Grosse Pointe Post Office causing her injury, including but not limited to: right arm, neck, right side ribs, head and neck; and other related disabilities and suffering serious and painful bodily function and permanent and serious disfigurement.

11. That as a direct and proximate result of the negligence of the United States and/or the United States Postal Service, Plaintiff was caused to suffer severe shock as well as physical and mental pain as a result of her fall, all of which

4

caused injuries and damages to various parts of her body described hereinbefore, or in the alternative, or in addition, an aggravation of a pre- existing condition and/or in addition, or in the alternative, injuries to latent or unknown pre-existing conditions.

12. That Plaintiff alleges all of the foregoing injuries, loss and conditions are painful, humiliating continuing and permanent.

13. That as a direct and proximate result of the negligence of the United States and/or the United States Postal Service, Plaintiff will be forced in the future to undergo medical treatment and has incurred hospital, medical and drug expenses, and loss of wages and will incur, hospital, medical and drug expenses and loss of wages in the future.

14. That the Plaintiff's social and recreational life were and will be in the future permanently reduced.

## PRAYER FOR RELIEF

15.   WHEREFORE, Plaintiff requests this Court to award compensatory damages against the United States of America under any applicable statute, recovery of all costs and attorney's fees incurred by Plaintiff, together with such further and additional relief at law or in equity that this Court may deem appropriate or proper.

                Respectfully submitted,

            By: */s/Brian E. Muawad*
              BRIAN E. MUAWAD (P 41209)
              Attorney for Plaintiff

DATED:  January 22, 2021