# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Joy Gordon,

          Plaintiff,        Case No. 21-10155

v.                              Judith E. Levy
                               United States District Judge

United States of America, United
States Postal Service,         Mag. Judge Kimberly G. Altman

          Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT [8]

Plaintiff brings this Federal Tort Claim Act (FTCA) lawsuit for money damages after Plaintiff Joy Gordon slipped and fell on a wet substance in the Grosse Pointe Farms Post Office due to Defendants' alleged negligence. (ECF No. 1.) On March 26, 2021, Plaintiff filed a proof of service evidencing service of the summons and complaint on the United States Postal Service. (ECF No. 4.) To date, Plaintiff has not filed proof of service evidencing service of the summons and complaint on the United States Attorney's Office, as is required in FTCA cases. *See* Fed. R. Civ. P. 12(a).

On May 12, 2021, Plaintiff requested a clerk's entry for default judgment against Defendants after Defendants failed to plead or otherwise respond to the lawsuit within 60 days of filing the complaint. (ECF No. 5.) The Clerk's Office subsequently granted the default. (ECF No. 6.) On May 24, 2021, Defendants filed a motion to set aside the clerk's entry of default, arguing that default was improperly entered because the United States had not missed their deadline for answering the complaint: the 60-day time period in which the United States must answer the complaint does not begin running until the United States Attorney's Office is served. (ECF No. 8, PageID.27.)

Defendants are correct and the motion is GRANTED. The Court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). Typically, the Court considers three factors when determining whether good cause exists: 1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether culpable conduct of the defendant led to the default. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). However, the Court need not reach the three-factor analysis in this case, because "there must be effective service of process on a defendant before an entry of

default can be made. Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant pursuant to Rule 55(a)." *Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Board*, 2000 WL 1257040, at *5 (6th Cir. 2000) (citing 10A Wright, Miller & Kane, Fed. Prac. & Proc. Civ. 3d § 2682); *see also Mosley v. Faurecia Automotive Seating, Inc.*, No. 08-10130, 2008 WL 1925051, at *3-4 (E.D. Mich. May 1, 2008) ("Given that plaintiff failed to serve the summons and complaint *properly* . . . the entry of default should be set aside, regardless of the three-factor analysis.") (emphasis in original).

Federal Rule of Civil Procedure 12 does not require that the United States respond to the complaint in this case until "60 days [have elapsed] after service on . . . the United States attorney." Fed. R. Civ. P. 12(a)(2-3). Because Plaintiff has not yet served the United States Attorney's Office, this 60-day clock has not yet begun running. *See id.* Accordingly, the clerk's entry of default—which was granted because Defendants in this case "fail[ed] to plead or otherwise defend"—was entered in error. (*See* ECF No. 6.) The Court accordingly finds good cause to set it aside under Federal Rule 55(a). *Sandoval*, 2000 WL 1257040, at *5.

IT IS SO ORDERED.

| | |
|---|---|
| Dated: May 26, 2021<br>Ann Arbor, Michigan | s/Judith E. Levy<br>JUDITH E. LEVY<br>United States District Judge |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 26, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
